UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY WILLIAMS,

    Petitioner,

v.       CASE NO: 8:04-CV-2162-T-30TBM
    Crim. Case No.: 8:01-CR-56-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

# **ORDER**

This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Dkt. #1-2) filed on September 28, 2004, Respondent's Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Dkt. #5), and Petitioner's Response to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (Dkt. #6). Petitioner challenges the sentence imposed following his 2002 convictions for drug and firearm offenses. The Court has reviewed the arguments and the prior proceedings in the underlying criminal case and concludes that this motion is due to be summarily denied.

Petitioner, Anthony Williams (hereinafter referred to as "Williams" or "Petitioner"), was found guilty by a jury on January 16, 2002, of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§846 and 841(b)(1)(A)(ii), possession of a firearm in furtherance of a drug trafficking offense, in

violation of 18 U.S.C. §§924(c)(1)(A) and 924(c)(1)(B)(I), and possession of a firearm not registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§5861(d) and 5871. On January 16, 2002, the Court sentenced Petitioner to 241 months imprisonment to be followed by a five-year term of supervised release.

Petitioner directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit on February 15, 2002. The Eleventh Circuit affirmed Petitioner's conviction on October 2, 2003. On March 29, 2004, the United States Supreme Court denied Petitioner's Petition for Writ of Certiorari.

On September 28, 2004, Petitioner timely filed this §2255 petition asserting the following claims for relief:

1. Trial counsel rendered ineffective assistance of counsel by failing to file motions stating that petitioner had a "multiplicitous indictment."

2. Trial counsel rendered ineffective assistance of counsel by failing to use a police report to impeach an ATF agent's testimony.

3. Trial counsel rendered ineffective assistance of counsel by failing to object to improper cross-examination by the prosecutor.

4. Trial counsel rendered ineffective assistance of counsel by failing to file a motion for a new trial based on discovery of new evidence.

5. Trial counsel rendered ineffective assistance of counsel by failing to consult with petitioner prior to filing his appellate brief.

## Standard of Review

Title 28 U.S.C. §2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of

the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. See United States v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988).

Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic, 466 U.S. 648, 658 (1984). To establish a prima facie claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. Id. at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The criterion for attorney performance is that of reasonably effective assistance. The standard of reasonableness is an objective one that may be measured by using professional norms as guidelines. The inquiry is whether counsel's performance was reasonable under the circumstances. In evaluating counsel's performance, the court must be highly deferential of counsel's conduct and "must indulge a strong presumption that counsel's conduct falls within

the wide range of reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 689. Every effort should be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Id</u>.

The Eleventh Circuit has reiterated that effective assistance of counsel does not mean errorless assistance, and that an attorney's performance is to be judged on a totality of the circumstances in the entire record rather than on specific actions. <u>Green v. Zant</u>, 738 F.2d 1529, 1536 (11th Cir.), cert denied, 469 U.S. 1098 (1984). "To state the obvious: trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." <u>Chandler v. United States</u>, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting <u>Burger v. Kemp</u>, 483 U.S. 776 (1987)). The courts are free to dispose of ineffectiveness claims on either of <u>Strickland's</u> two grounds. <u>Sims v. Singletary</u>, 155 F.3d 1297, 1305 (11th Cir. 1998) (citing <u>Oats v. Singletary</u>, 141 F.3d 1018, 1023 (11th Cir. 1998)).

## Discussion

**I.   Failure of counsel to file motions contesting petitioner's "multiplicitous indictment."**

Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel. In support of this claim, Petitioner states:

> Petitioner requested his attorney file motions stating that he had a multiplicitous indictment; and against his instructions the

> indictment went unchallenged. Petitioner contends he is punished twice for the same weapon that is in count II, and again in count III.

Petitioner's claim is without merit. An indictment is multiplicitous if a single offense is charged in more than one count. United States v. Sirang, 70 F.3d 588, 595 (11th Cir.1995), (quoting United States v. Howard, 918 F.2d 1529, 1532 (11th Cir.1990)). In the instant case, Petitioner's indictment was not multiplicitous. Petitioner was charged and convicted of two distinct offenses: possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(I), and possession of a firearm not registered in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§5861(d) and 5871. Accordingly, it would have been pointless for Petitioner's counsel to file a motion claiming that Petitioner's indictment was multiplicitous. "It is not ineffective assistance of counsel to not make an obviously meritless argument." U.S. v. Roquemore, 934 F.Supp. 1391, 1395 (M.D. Ga. 1996).  Thus, Petitioner's counsel's performance did not fall below an objective standard of reasonableness, and petitioner cannot show that he suffered any prejudice. See Strickland, 466 U.S. at 687, 694.

**II.     Counsel's failure to use a police report to impeach the testimony of the ATF agent.**

Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel because counsel failed to use a police report to impeach the ATF agent's testimony. Petitioner fails to provide detailed information on what was contained in the police report and how this information may have impeached the ATF agent's testimony.

Petitioner's attorney did adequately cross-examine the agent. An attorney's manner of cross-examining a witness is generally a matter of trial strategy. Petitioner has failed to show that his counsel's performance was below an objective standard of reasonable professional assistance under Strickland. Strickland at 694. Even if Petitioner's counsel's assistance was shown to be below an objective standard of reasonable professional assistance, Petitioner cannot show that he suffered any prejudice from the omission.

### III.   Counsel's failure to object to improper cross-examination.

Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel because counsel failed to object to improper cross-examination by the government. Petitioner claims his counsel's failure to object when the Government "repeatedly" asked Petitioner if the investigating ATF agent was lying, constituted ineffective assistance of counsel. Presumably, Petitioner is referring to pages 233-235 of the trial transcript where he is asked by the Government on cross examination, "so when Special Agent Coad put that in his affidavit, he lied?" and "he said an untruth, right?"[1] Shortly after Petitioner's response, the record shows that Petitioner's counsel did in fact object on behalf of her client. Id. at 234.

Regardless, even if Petitioner's claims were held to be true, Petitioner has not met the burden of prejudice under Strickland to be afforded relief. Strickland at 694. A quicker objection by Petitioner's counsel to the questions on cross-examination of whether Petitioner

---

[1] See CR DKT#219 233-235

thought the ATF agent was lying would have been inconsequential to the result of the trial given the other evidence. Petitioner has failed to show that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland at 694.

**IV.     Counsel's failure to file a motion for a new trial.**

Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel because counsel failed to file a motion for a new trial based on the discovery of new evidence. Petitioner claims that two days prior to Petitioner's sentencing, counsel was given new evidence consisting of information that the prosecutor had threatened a cooperating witness and that the government's witness had committed perjury. Petitioner's claim is without merit.

On July 30, 2004, Petitioner filed a pro se motion for a new trial which included the same "newly discovered evidence" he contends his counsel was ineffective for failing to file with the Court .[2] On August 30, 2004, the Court denied Petitioner's motion for a new trial by written opinion explaining that the motion failed to constitute new evidence and, for additional reasons, did not justify a new trial.[3] It would have made no difference if Petitioner's counsel had filed the motion, since the Court would have denied counsel's motion for the same reasons it denied Petitioner's motion. Therefore, Petitioner cannot show under Strickland a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. Strickland at 694.

---

[2] See CR DKT#265.

[3] See CR DKT#269.

## V.     Counsel's ineffective appellate assistance.

Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel on appeal because counsel failed to consult with, and ignored Petitioner's requests concerning issues to be raised on appeal. The controlling legal principles under Strickland govern claims of ineffective assistance by appellate counsel. See Duest vs. Singletary, 967 F.2d 472, 477 n.4 (11th Cir. 1992).

To prevail on his claim, Petitioner must show that appellate counsel was objectively unreasonable in not raising the omitted issue. Smith v. Robbins, 528 U.S. 259 (2000). However, appellate counsel who files a merits brief need not raise every nonfrivolous claim. Jones v. Barnes, 463 U.S. 745, 754 (1983). The exercise of judgment involved in framing an appeal make it "difficult to demonstrate that (appellate) counsel was incompetent" under Strickland for omitting a particular argument. Smith v. Robbins, 528 U.S. at 285-286 (citing Gray v. Greer, 800 Fd. 644, 646 (7th Circuit 1986).

To demonstrate prejudice, Petitioner must establish a reasonable probability that but for appellate counsel's alleged error, he would have prevailed on appeal. Smith v. Robbins, 528 U.S. at 286. Petitioner must satisfy both prongs of the Strickland test in order to prevail on his claim of ineffective assistance of appellate counsel. Id. at 289.

Petitioner claims that his counsel was ineffective for failing to argue against the Pinkerton theory on appeal. Under Pinkerton, "each party to a continuing conspiracy may be vicariously liable for substantive criminal offenses committed by a co-conspirator during the course and in the furtherance of the conspiracy, notwithstanding the party's non-participation

in the offenses or lack of knowledge thereof." U.S. v. Hansen, 262 F.3d 1217 (11th Cir. 2001) (citing Pinkerton v. United States 328 U.S. 640, 646-647, 66 S. Court. 1180, 1184, 90 L.Ed. 1489 (1486). It is not necessary for a court to inquire into a conspirator's individual culpability, "so long as the substantive crime was a reasonably foreseeable consequence of the conspiracy". U.S. v. Hansen, 262 F.3d 1217 (11th Cir. 2001) (citing United States v. Alvarez, 755 F.2d 830, 849-850 (11th Cir. 1985). The evidence at trial supports that Petitioner was involved in a continuing conspiracy where the crimes for which he was convicted were a reasonably foreseeable consequence of the conspiracy. Petitioner would not have a viable argument on appeal under Pinkerton.  Petitioner's counsel was under no obligation to raise frivolous issues on appeal. Petitioner has failed to demonstrate deficient performance by counsel or prejudice, and is entitled to no relief as to this claim.

Petitioner also contends that his counsel failed to argue that he should not have been charged with a violation of §924 ( C)(1)(A) and 924 ( C)(1)(B). Petitioner contends that to be charged with §924( C)(1)(A), the government must prove that he either used or carried the weapon. (citing Bailey v. United States, 516 US 137, 133  1995)).

A defendant may be held accountable for the possession of a firearm by a co-conspirator under the Pinkerton rule that "conspirators are liable for the reasonably foreseeable acts of their co-conspirators in furtherance of the conspiracy." U.S.v. Luiz, 102 F.3d 466 (11th Cir. 1996) (citing Pinkerton v. United States 328 U.S. 640, 646-647, 66 S. Court. 1180,  90 L.Ed. 1489 (1486).  Again,  Petitioner's counsel was under no obligation to raise frivolous issues on appeal. The government did not have to prove that Petitioner ever

used or carried a weapon. Petitioner has failed to demonstrate deficient performance by counsel or prejudice, and is entitled to no relief as to this claim.

Lastly, Petitioner contends that his counsel failed to perfect for appeal that Petitioner was involved in only a "minimum role". Petitioner's claim lacks merit. The record is clear that Petitioner's counsel did argue a minimal role status for petitioner, and perfected the issue for appeal. [4] The record does not support Petitioner's assertions that appellate counsel's performance was deficient. Petitioner has failed to satisfy the deficiency prong of the Strickland test. Strickland v. Washington, 466 U.S. 687.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to relief under 28 U.S.C. §2255.

ACCORDINGLY, the Court **ORDERS** that:

1. The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (CV Dkt. 1) is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 20, 2006.

Conformed copies to:
All Parties/Counsel of Record

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

---

[4] See CR DKT#243 at 8-9.